**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NADINE JOACHIN,** | |
| **Plaintiff,** | **23-CV-7652 (ALC)** |
| -against- | **ORDER OF SERVICE** |
| **MORNINGSIDE REHABILITATION NURSING HOME,** | |
| **Defendant.** | |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff brings this action *pro se*. She asserts claims under federal and state employment discrimination statutes. By order dated August 30, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Morningside Rehabilitation Nursing Home through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for Defendant. The Clerk of

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to issue a summons for Defendant Morningside Rehabilitation Nursing Home, complete the USM-285 form with the address for this defendant, and deliver to the U.S. Marshals Service all of the documents necessary to effect service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     September 20, 2023
           New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.     Morningside Rehabilitation Nursing Home
       1050 Pelham Parkway South
       Bronx, NY 10461