USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __May 15, 2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NADINE JOACHIN,<br><br>Plaintiff,<br><br>-against-<br><br>MORNINGSIDE REHABILITATION NURSING HOME, ET AL,<br><br>Defendants. | 23-cv-07652 (ALC)<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Nadine Joachin, proceeding *pro se*, moves for my recusal. For the reasons set forth below, Plaintiff's motion is **DENIED.**

## BACKGROUND

On February 24, 2024, Plaintiff filed a "Third Amended Complaint", which this Court will construe as a motion to recuse under 28 U.S.C. § 455(a) because it concerns Plaintiff's allegations in favor of recusal rather than her claims against Defendants. In the motion to recuse, the Plaintiff alleges that "Rocketeering is taking [place] with harassment and workplace bullying and retaliation as a way they are networking to dismiss claims from the court rooms." ECF No. 38 at 2. Furthermore, the Plaintiff requests my recusal "due to conflict of interest, prejudice of case, and Rocketeer taking place with inside job harassment." *Id*. She also argues "I don't believe that Judge Carter can handle this case without any bias and request for removal effective immediately… he keep[s] showing me signs of anti fraud like he is he to undermine the rules." *Id*. at 5. Finally, Plaintiff requests my recusal "due to [his] illegal activities." *Id*. at 6.

## PROCEDURAL HISTORY

This motion is the third time that the Plaintiff has sought to disqualify me or request that I recuse myself. On October 10, 2023, the Plaintiff requested that I be removed from this case. ECF No. 8. On October 11, 2023, the motion to disqualify was denied. ECF No. 10. On February 20, 2024, the Plaintiff filed a notice of appeal, alleging that there is a conflict of interest and requesting that the Court "remove Judge Carter from the case due to these issues." ECF Nos. 33-34. On February 22, 2024, this Court granted the Plaintiff leave to file a motion to recuse and supplement her filing in writing. ECF No. 37. On February 24, 2024, the Plaintiff filed a "Third Amended Complaint", which again requests that I recuse myself from this case. ECF No. 38. On March 15, 2024, Defendants filed a Memorandum of Law in opposition to Plaintiff's motion to recuse. ECF No. 41.

## STANDARD OF REVIEW

The purpose of the judicial disqualification statute is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible. 28 U.S.C.A. § 455(a). There is a strong presumption that a judge is impartial, and the movant bears the "substantial" burden of overcoming that presumption. *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citation omitted). Recusal is warranted only where "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (citation omitted). "[T]he public interest mandates that judges not be intimidated out of an abundance of caution into granting disqualification motions." *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 148–51 (S.D.N.Y. 2012), objections overruled sub nom. *Moore v. Publicis Groupe SA & MSL Grp.*, No. 11 Civ. 1279 (ALC) (AJP), 2012 WL 12528637 (S.D.N.Y. Nov. 8, 2012).

Impartiality is evaluated "on an objective basis" where recusal is required whenever "a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned." *United States v. Wedd*, 993 F.3d 104, 114 (2d Cir. 2021) (internal quotation marks omitted). "In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1312; accord, e.g., *In re Basciano*, 542 F.3d at 956; *In re Certain Underwriter*, 294 F.3d at 302.20. Indeed, the law of this Circuit is clear that a judge "is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). Furthermore, pro se litigants' submissions "must be construed liberally and interpreted 'to raise the strongest argument they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). This Court has construed this motion with these considerations in mind.

## DISCUSSION

Based on these considerations, the Plaintiff has not met the substantial burden to show that my recusal is warranted. Here, there is no reason to believe that an objective, reasonable person, knowing all the facts, would conclude that my impartiality could reasonably be questioned. In her motion to recuse, the Plaintiff generally alludes to the Court's prior adverse rulings as a basis for recusal, citing that "Judge Carter is sending me letters of denying motions". ECF No. 38 at 5. Adverse rulings alone, however, are insufficient to warrant a judge's recusal from this case. Furthermore, the Plaintiff has not alleged any facts that indicate the existence of bias or incompetence on my part in any of the three motions requesting recusal. Finally, the

Plaintiff has failed to demonstrate that I have a legitimate conflict of interest in this case. Indeed, the Plaintiff has not overcome the presumption is that there is no need to replace the judge who has been presiding over the case absent special circumstances that threaten the appearance of impartiality, and this Court is therefore obliged not to recuse.

## CONCLUSION

Based on the above, the Plaintiff's motion is **DENIED**. The Clerk of Court is directed to close the open motion at ECF No. 39.

**SO ORDERED.**

**Dated: May 15, 2024**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**